IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DR. ERNESTO TORRES-ARROYO and
MARCIAL BERRIOS-CINTRON

Plaintiffs

vs

DR. JOHN V. RULLAN, in his personal capacity and in his official capacity as Secretary of Health, Commonwealth of Puerto Rico
DR. AIDA GUZMAN-FONT, in her personal capacity and official capacity as Officer of the Health Department and PERSONS X, Z AND Y as yet unknown conspirators who violated plaintiffs' constitutionally protected rights

Defendants

CIVIL 01-2085CCC

## O R D E R

This action is before us on plaintiff's Motion for Attorney Fees (docket entry 119) filed January 20, 2006. Defendants opposed the motion (docket entry 121) and plaintiffs replied.(docket entry 122). This political discrimination suit was filed by Dr. Ernesto Torres-Arroyo and Mr Marcial Berrios-Control, former employees of the Correctional Health Services Program against Dr. Aida Guzman-Font, former Chief Health Care Coordinator of the program and Dr. John V. Rullan, the Secretary of the Health Department. Besides the claims for political discrimination, plaintiffs brought claims for violation of their due process rights and property interests under the Fourteenth Amendment. Prior to trial, on October 21, 2002 the court dismissed the Fourteenth Amendment claims (docket entry 26). The remaining claims against Dr. Rullan were dismissed upon the granting of his Rule 50 motion at the end of plaintiffs' case in chief. (Docket entry 71). The jury found that Dr. Guzman-Font did not renew plaintiffs' contracts due to their political affiliation with the New Progressive Party, but did not award them any compensatory damages whatsoever.

Plaintiffs now request the sum of $43, 770.00 in attorney's fees under the theory that they are the prevailing party. We note that of the original claims against the two defendants, the violation of due process, injury to property right and political discrimination, only the political discrimination claim remained for trial and it, too, was dismissed as to Dr. Rullan. Of the six claim parts filed in the complaint, the plaintiffs "prevailed" only one portion, the political discrimination claim against Dr. Guzman-Font.

CIVIL 01-2085 (CCC)                                             2

That victory was a pyrrhic one; the plaintiffs together asked for $4,000,000.00 in compensatory and punitive damages; the jury awarded no damages of any kind to either plaintiff.

The Supreme Court, in Farrar v. Hobby, 113 S.Ct. 566(1992) addressed in detail the issue of awarding attorney fees in civil rights actions when plaintiffs recovered only nominal damages. Notwithstanding that the Court held that such a plaintiff was a prevailing party, it affirmed the denial of attorney's fees in that case. Quoting its earlier cases, the Court reaffirmed that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bring suit. Id., at 571. The Court observed that respect for the ordinary language of §1988 requires that a plaintiff receive at lease some relief on the merits of the claim before he can be said to have prevailed, and , therefore, must prove the settle of some dispute which affects the behavior of the defendant towards the plaintiff. Id., at 572.

> To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought. Otherwise the judgment …cannot be said to "affect the behavior of the defendant toward the plaintiff.

Id.

> No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant. A plaintiff may demand payment for nominal damages no less than he may demand payment for millions of dollars in compensatory damages. A judgment for damages in any amount…modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.

Id., at 574.

When the sole purpose of a civil right claim is the recovery of money damages, a failure to obtain a judgment awarding actual damages is a strong indication of a low degree of success, because "the awarding of nominal damages highlights the plaintiff's failure to prove actual compensable injury. Wilcox v. City of Reno, 42 F.3d. 550555 (9th Cir. 1994). In some circumstances, even a plaintiff who formally "prevails," under §1988, should receive no attorney's fees at all; one who seeks compensatory damages but received no more than nominal damages is often such a "prevailing" party. Cramblit v. Fikse, 33f3d 633, 634 (6th Cir. 1994).

In the case at bar, although plaintiffs received the pronouncement that there had been a violation of one of six Constitution claims, they did not even receive the recognition of their

CIVIL 01-2085 (CCC) 3

alleged injuries with a nominal award of damages. A judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render a plaintiff a prevailing party. Of itself, "the moral satisfaction [that] results from any favorable statement of law" cannot bestow prevailing party status. <u>Ferrar</u>, <u>supra</u>, at 573

    For the above stated reasons, we find that plaintiffs are not prevailing parties for the purpose of an award of costs and attorney fees.

    SO ORDERED.

    At San Juan, Puerto Rico, on July 31, 2006.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge